UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TORRENCE BELCHER, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:24-CV-83-TLS-APR |
| WARDEN, | |
| Respondent. | |

**OPINION AND ORDER**

Torrence Belcher, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary decision (ISP-19-2-222) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of sexual misconduct in violation of Indiana Department of Correction Offenses 216. Following a hearing, he was sanctioned with a loss of ninety days of earned credit time and a demotion in credit class.

The Warden argues that Belcher did not exhaust his administrative remedies because he did not appeal the disciplinary decision at the departmental level. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). In the traverse, Belcher concedes that he did not submit an appeal at the

departmental level[1] but maintains that he has never received a response to such appeals and that he believed that the departmental appeal process would be biased. However, the belief that pursuing an administrative appeal would be futile does not excuse a petitioner from the exhaustion requirement. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try."). Because Belcher's claims are procedurally defaulted, he is not entitled to habeas relief. Nevertheless, for the sake of completeness, the Court will consider the merits of his claims.

Belcher argues that he is entitled to habeas relief because he did not make sexual advances toward a mental health staff member named Koree Read and because he did not try to give her or make her aware of the index card that he was using as a bookmark. The Court construes this argument as an argument that the administrative record lacked sufficient evidence to support the finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (cleaned up).

According to departmental policy, Offense 216 encompasses "[m]aking a request, hiring, or coercing another person to have sexual contact." ECF No. 9-7 at 6. The administrative record includes a conduct report in which the mental health staff member represented as follows:

> On 2/14/19, at approximately 9:10 a.m., I, Koree Read, was completing restrictive housing rounds on DE400 range. As I was walking towards the front of the range

---

[1] In the petition, Belcher represented under penalty of perjury that he appealed the disciplinary decision to the "Final Reviewing Authority" and presented both of the claims raised in the habeas petition. ECF No. 1. Here, the final reviewing authority would have been the appeal review officer at the departmental level (ECF No. 9-8 at 53–54), so it appears that Belcher may have intentionally misstated his efforts on administrative appeal in the petition. The Court declines to consider sanctions at this time, but Belcher is cautioned against including intentional misstatements in future filings.

> to exit, I was stopped by offender Torrence Belcher #244707 at his cell DE405. Offender Belcher asked me when he was going to be seen for an out of cell session. While asking me this question, the offender had a book in his hand with an index card on top of the cover of the book. This index card had large handwritten font on it. The offender kept shifting the book with the index card on the top cover around as if he wanted me to pay attention to the book with the index card on top. What I was able to read on the index card in large font was "Come quietly to my cell front and suck my dick . . ." The rest of the writing on the index card I could not read due to the offender's hand covering the wording up. I then asked the offender directly, "What is that index card?" Offender Belcher immediately stated, "It's just a bookmark." I then stated to the offender that the index card was not a bookmark and walked immediately away from the cell.

ECF No. 9-1.

The conduct report unambiguously indicates that Belcher had an index card with a request for sexual contact in large font and that he shifted the index card around, which the mental health staff member understood as an effort to draw her attention to it. Consequently, the conduct report, by itself, constitutes some evidence that Belcher committed the offense of sexual misconduct as defined by departmental policy. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides 'some evidence' for the CAB's decision."). Though the administrative record also includes Belcher's denial of the conduct report and his narrative that the index card was nothing more than a bookmark, the hearing officer was not required to credit it over the conduct report. The Court further observes that bookmarks do not ordinarily contain requests for sexual contact, and Belcher offers no alternative explanation for why his bookmark did. Therefore, this claim is not a basis for habeas relief.

In the traverse, Belcher raises claims of improper bias, lack of written explanation for the finding of guilt, and the denial of his request to present the index card. Raising additional grounds in this manner was improper. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases ("The petition . . . must specify all the grounds for relief available to the petitione

r."); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) ("[A] traverse is not the proper pleading to raise additional grounds."). Therefore, these claims are not a basis for habeas relief.

Moreover, these habeas claims would have failed on the merits even if they were properly raised. To start, Belcher identifies no specific basis as to why he believes that the hearing officer was biased other than adverse rulings. *See Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015) ("Adverse rulings do not constitute evidence of judicial bias.").

Next, the handwritten explanation for the finding of guilt is difficult to read, ECF No. 9-4, but the hearing report as a whole adequately states the evidence considered by the hearing officer and the reasons for the specific sanctions imposed against him. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) (holding that procedural due process in prison disciplinary proceedings requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action" (cleaned up)). Additionally, it is unclear how the presentation of the index card would have changed the outcome of the disciplinary hearing given that Belcher does not dispute that the description of the index card provided by the mental health staff member. *See Jones v. Cross*, 637 F.3d 841, 846–47 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (same).

Because Belcher has not asserted a valid claim for habeas relief, the habeas petition is denied. If Belcher wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court:

(1) DENIES the habeas corpus petition [ECF No. 1];

(2) DIRECTS the Clerk of Court to enter judgment and close this case; and

(3) DENIES Torrence Belcher leave to proceed in forma pauperis on appeal.

SO ORDERED on July 12, 2024.

                                                s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT